Filed 11/29/2022 7:58 AM
Lori Caraway,
District Clerk
Bowie County, Texas
Jessica Vickers, Deputy

CAUSE NO. 22C1252-202

| | | |
|---|---|---|
| CORY MCCRAW | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V | § | OF |
| | § | |
| DAS LOGISTICS TRANSPORT | § | |
| LLC AND GERALD CONROY BOYD | § | |
| | § | |
| Defendants. | § | BOWIE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW**, Cory McCraw, Plaintiff, by and through his attorney of record, Soyars & Soyars, PLLC and files his Original Petition and Jury Demand complaining of Defendants, DAS Logistics Transport LLC and Gerald Conroy Boyd, and for their cause-of-action would respectfully show the Court and Jury as follows:

### I.
### Discovery Control Plan

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level II of the Discovery Control Plan.

### II.
### Parties

Plaintiff Cory McCraw, ("Plaintiff") last three digits of Social Security Number: 720 and the last three digits of Texas Driver's License Number: 503, is a resident of New Boston, Bowie County, Texas.

Defendant Gerald Conroy Boyd ("Defendant Boyd") is an individual residing at 1339 Aquacate CT Orlando, Florida 32837. At all times relevant hereto, Defendant Boyd was employed by DAS Logistics Transport LLC., a Defendant named herein. Defendant Boyd worked for DAS

Logistics Transport LLC at the time of the accident and was responsible for the motor vehicle accident in Bowie County, Texas on July 9, 2021.

Defendant DAS Logistics Transport LLC is headquartered in Boca Raton, Florida. Its' principal place of business is 19576 Saturnia Lakes Dr., Boca Raton, Florida 33498. Defendant DAS Logistics Transport LLC may be served with this Petition through its' registered agent at 19576 Saturnia Lakes Dr., Boca Raton, Florida 33498.

### III.
### Jurisdiction and Venue

The amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is proper in Bowie County, Texas pursuant to section 15.002 of the Texas Civil Practices and Remedies Code. Upon proper service of the Defendant, this Court has jurisdiction and venue is proper.

### IV.
### Relief Sought

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff Cory McCraw seeks "only monetary relief over $250,000 but not more than $1,000,000."

### V.
### Facts

On July 9, 2021, Plaintiff was traveling west in a passenger car on Interstate Highway 30 in the inside lane passing Defendant Boyd, who was driving an 18-wheeler pulling a semi-trailer. As Plaintiff passed Defendant Boyd, Defendant Boyd changed lanes when unsafe from the outside lane to the inside lane. Defendant Boyd's front left vehicle struck the right side of Plaintiff's vehicle causing the left side of Plaintiff's vehicle to strike the concrete barrier. After striking the concrete barrier, Plaintiff's vehicle then turned to the right into the path of the 18-wheeler being driven by Defendant Boyd causing Defendant Boyd to strike Plaintiff's passenger side. Defendant

Boyd pushed Plaintiff's vehicle a short distance. Defendant Boyd was charged with changing lanes when unsafe. The unanticipated collision resulted in painful injuries and damages to Plaintiff.

## VI.
## Negligence

At the time of the collision, Defendants' acts, conduct and omission constituted negligence and such negligence was a proximate cause of the injuries set forth herein. Specifically, Defendant was negligent in various acts and omissions including, but not limited to the following, which negligence was a direct and proximate result of the occurrence in question:

A. In failing to pay attention to the roadway and give heed to his surroundings;

B. In failing to keep a proper lookout;

C. In failing to yield the right-of-way;

D. In failing to maintain control of his vehicle;

E. In driving while distracted;

F. In failing to timely apply the brakes or failing to apply the brakes at all;

G. In failing to take appropriate evasive action;

H. In operating the vehicle without devoting the time and attention to the operation of the vehicle that a person of ordinary prudence would have devoted under the same or similar circumstance.

I. In failing to operate the vehicle in a reasonably prudent manner.

Each and every, all and singular of the foregoing acts and omissions on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII.

## Damages to Plaintiff

As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries, including but not limited to his neck, shoulders, back, and right hip pain. Immediately following the accident Plaintiff sought treatment at Signature Care Emergency Room with his pain level noted to be a 4 out of 10. He was noted to have pain in his neck, shoulders, back and right hip. He underwent numerous exams and was treated and released with prescription medications. Plaintiff continued to experience pain and sought additional treatment with Back Pain Chiropractic. He underwent approximately nine weeks of chiropractic treatment and approximately eight months of interventional pain management. Plaintiff was also seen at HealthCare Express to undergo MRI's of the C-Spine and L-Spine. Due to the accident, Plaintiff now suffers pain and post-traumatic stress that interferes with his activities of daily living. As a result of the injuries sustained, Plaintiff was caused to suffer severe injuries, and to incur the following damages:

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bowie County, Texas;

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Mental anguish in the past;

(f) Mental anguish in the future;

(g) Property damages and storage fees; and

(h) Lost wages.

## VIII.
## Jurisdictional Limits

By reason of the above and foregoing images and damages, Plaintiff has been damaged in the sum that exceeds the minimum jurisdictional limits of this Court.

## X.
## Jury Demand

Plaintiff demands trial by Jury.

## XI.
## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Cory McCraw requests that the Defendants be cited to appear and answer herein; that he be compensated for his pain, suffering, and mental anguish and loss of earnings; that he be compensated for his medical care and expenses in the past and in the future; that he be compensated for property damages; that he be awarded judgment against the Defendants in a sum in excess of the minimum jurisdictional limits of this Court; that he be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; that he recover from his costs herein expended, such costs to include a reasonable attorney's fee; and that he receive any and all other relief to which he may be justly entitled.

Respectfully submitted,
**SOYARS & SOYARS**
2323 Kennedy Lane
Texarkana, Texas 75503
Telephone:   903-716-6555
Facsimile:   903-716-6556
E-mail:   matthew@soyarsandsoyars.com

*Matthew Soyars*

Matthew Q. Soyars
Texas State Bar No. 200316
**Attorney for Plaintiffs**